RICHARD A. ALTMAN
Attorney for Defendant
285 West Fourth Street
New York, New York 10014
212.633.0123

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

LAVA RECORDS LLC *et al.*,

                Plaintiffs,               08 CV 3462 (CS)

         -against-              **ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS**

AUDREY AMURAO,

                Defendant.        Defendant demands trial by jury.

--------------------------------------------------------x

      Defendant AUDREY AMURAO, by his attorney Richard A. Altman, for her answer to

the complaint, alleges as follows:

      1.  Can neither admit nor deny the allegations of paragraphs 1, 2, 3 and 19 of the complaint,

in that they are conclusions of law for the Court.

      2.  Admits the allegations of paragraphs 3 (only to the extent that defendant resides in this

district), 16 (only to the extent that defendant resides in Bronxville, New York) and the third

sentence of paragraph 22 (only to the extent that defendant has provided sworn testimony) of the

complaint.

      3.  Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 20, 21, 22 (first, fourth, fifth

sentences only, and otherwise denied), 24 (except admits last sentence thereof) and 25 of the complaint.

4.  Denies each and every remaining allegation of the complaint.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted, in that among other things, the facts alleged therein do not constitute copyright infringement, because of the failure to allege specific dates, times and particulars of any alleged infringements.  Additionally, use of an "online distribution system" is not copyright infringement.

### SECOND AFFIRMATIVE DEFENSE

The action should be dismissed on the ground that it is not being prosecuted in the name of the real party in interest, which is the Recording Industry Association of America.

### THIRD AFFIRMATIVE DEFENSE

The provision for statutory damages in 17 U.S.C. § 504(c) is unconstitutional as applied to the facts of this action, in that the amount of $750 provided for therein is so grossly disproportionate to plaintiffs' actual damages, if any, as to violate the due process clauses of the fifth and fourteenth amendments to the Constitution.  Such actual damages are, on information and belief, approximately 70 cents per song.  Accordingly, plaintiffs' complaint, which alleges no specific acts of infringement, should be construed as an allegation of a single infringement with a single recovery.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the information in Exhibits A and B to the complaint was procured by a private investigator hired and paid by plaintiffs named MediaSentry, now known as SafeNet, Inc.  This private investigator is required by N.Y. General Business Law § 70 to be licensed as such, and it is not.  Its  operations without such a license constitute a Class B misdemeanor, and plaintiffs are guilty of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred by the statute of limitations in that the acts alleged therein occurred more than three years prior to the commencement of this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of infringement are barred by the doctrine of fair use.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of infringement are barred by estoppel and/or acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

The complaint fails to allege any specific acts of infringement, but solely alleges operation of an "online media distribution system."  Accordingly, to the extent plaintiffs seek statutory damages or costs for infringement of the copyrights in any sound recordings registered after the date on which defendant began using LimeWire, such claims are barred by 17 U.S.C. § 412.

## NINTH AFFIRMATIVE DEFENSE

The complaint fails to satisfy the pleading requirements for a claim of copyright infringement, in that there can be no liability for infringing upon the right of distribution unless copies of copyrighted works are actually disseminated to members of the public, and the facts and circumstances of such dissemination are alleged.  Defendant denies having disseminated or distributed any copies of any copyrighted works to anyone at any time.  Accordingly, defendant did not violate any distribution rights which plaintiffs may have.

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the alleged conduct, had it occurred, was authorized; indeed, on information and belief, plaintiffs promoted, fostered and facilitated the actions complained of over the internet and by other means.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant was not aware and had no reason to believe that her acts constituted an infringement of copyright, and on information and belief, some of the song files did not bear any notice of copyright.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged claims are neither well-grounded in fact nor warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law within the meaning of Rule 11 of the Federal Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

1.  The plaintiffs and their attorneys have engaged in a wide-ranging conspiracy to defraud the Courts of the United States.

2.  The plaintiffs, ostensibly competitors in the recording industry, are a cartel acting collusively in violation of the antitrust laws and public policy, by litigating and settling all cases similar to this one together, and by entering into an unlawful agreement among themselves to prosecute and to dispose of all cases in an identical manner and through common lawyers.

3.  Among the acts in furtherance of this conspiracy are:  (1) bringing, without investigation sufficient to establish that the allegations and factual contention therein have evidentiary support, lawsuits against persons who are not specifically known to have infringed copyrights, including persons who are deceased, disabled or who lack knowledge of how to use computers or download files from the internet; (2) making false and unsupported allegations that the defendants in these actions have infringed copyrights, by making the unwarranted and technologically erroneous assumption that an Internet Protocol address is a unique identifier of a computer or an individual; (3) using a corporation known as Settlement Support Center, LLC as their agent to make extortionate threats to take criminal action and to defame defendants' names and credit, in order to force defendants to pay sums which have no relation to plaintiffs' actual damages, if any, and by delivering releases to settling defendants (few of whom are represented by counsel) which are fraudulent, in that they do not constitute true releases of all claims by putative plaintiffs, thereby misleading settling defendants into erroneously believing that they cannot be sued again; (4) commencing *ex parte* "John Doe" lawsuits which they have no intention of pursuing, but by means of which they are able to communicate with District Judges, Magistrate Judges, and other judicial officials on a daily

basis, without providing defendants with notice or opportunity to be heard, in violation of attorneys' ethical obligations as officers of the Courts; (5) invading the privacy of these "John Doe" defendants by then serving subpoenas on Internet Service Providers without notice to the putative defendants; (6) bringing the "John Doe" lawsuits in jurisdictions far removed from the domiciles of the "John Does," so that they have no meaningful opportunity to be heard or to retain counsel of their own choosing; (7) withdrawing such actions upon being challenged and thereby preventing defendants from obtaining relief for having to defend them;   (8) engaging in other unconscionable conduct.

4.   On information and belief, these and other plaintiffs and the Recording Industry Association of America have commenced some 20,000 actions in the District Courts of the United States in the past five years, the overwhelming majority of which have resulted either in default judgments or extortionate settlements far in excess of any actual damages incurred by plaintiffs.

5. These actions, and the conduct underlying them, constitute misuse of plaintiffs' copyrights and any rights plaintiffs may have thereunder, thereby barring plaintiffs from any relief whatsoever, and which actions and conduct further constitute a complete defense to any claims of copyright infringement.

WHEREFORE, defendant demands judgment in her favor dismissing the complaint with prejudice and awarding her the costs and disbursements of this action, including reasonable attorney's fees, and to such other relief as may be just.

Dated: New York, New York
        August 20, 2008

                              /S/
                              RICHARD A. ALTMAN
                              Attorney for Defendant
                              285 West Fourth Street
                              New York, New York 10014
                              212.633.0123