**MEMO ENDORSED**

| | |
|---|---|
| **RICHARD A. ALTMAN**<br>Attorney at Law | 285 West Fourth Street<br>New York, New York 10014<br>Tel. 212.633.0123<br>Fax 917.463.1006<br>altmanlaw@earthlink.net |

August 13, 2008

Hon. Cathy Seibel
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    Re: *Lava Records LLC et al. v. Amurao*, 08 CV 03462

Your Honor:

    I represent the defendant Audrey Amurao in this matter, which I am informed has been assigned to Your Honor following the death of Judge Brieant. On July 17, 2008, I sent a letter to Judge Brieant, requesting that the action be transferred to Foley Square. I am enclosing a copy of the letter, and would respectfully request that Your Honor consider the points made in the letter and transfer the case.

    I appreciate the Court's attention.

Respectfully,<br><br>*/s/ Richard A. Altman*

cc: Laurie Rust, Esq. (by email)

*[Handwritten endorsement:]* Request denied. Claim arises in Northern counties and at least one party resides here. Local Rule 21(a). So Ordered. Cathy Seibel, USDJ 8/20/08

**RICHARD A. ALTMAN**
Attorney at Law

285 West Fourth Street
New York, New York 10014
Tel. 212.633.0123
Fax 917.463.1006
altmanlaw@earthlink.net

July 17, 2008

BY FAX – 914.390.4085
Hon. Charles L. Brieant
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Room 275
White Plains, NY 10601-4150

Re: *Lava Records LLC et al. v. Amurao*, 08 CV 03462 (CLB)

Your Honor:

  I have recently been retained to represent defendant Audrey Amurao in this action. I write pursuant to Rule 22 of the Rules for the Division of Business Among District Judges, to request that this action be transferred to the Foley Square courthouse. Rule 22 permits a transfer "in the interest of justice or sound judicial administration." The primary reason for the request is the convenience of counsel. Both plaintiffs' counsel and I have offices in Manhattan. My door-to-door trip to the White Plains Courthouse takes approximately 90 minutes each way, while a trip to Foley Square takes approximately 20. I would like to save my client the expense of the additional travel time.

  Counsel for the parties appeared before Magistrate Judge Fox on July 8, 2008 for a preliminary conference, which resulted in the issuance of a scheduling order. At the time of that appearance, I had not yet been retained. However, I have now been retained, and have full authority to deal with the matter (I have just filed my Notice of Appearance). At the conference, I raised the issue of the transfer. Plaintiffs' counsel, Brian Moran, Esq., said that he took no position on the request, but would not oppose it. The Magistrate Judge suggested that, even though the case has been referred to him for all purposes, I should send a letter to Your Honor. Other than that conference, there has been no activity in the case. Given that the Court has "broad discretion" to order the transfer (*Ginsberg v. Valhalla Anesthesia Assocs., P.C.*, 171 F.R.D. 159, 160 (S.D.N.Y.1997]), and that this request is being made well before any issues have been presented for disposition, I respectfully suggest that the transfer is appropriate and should be ordered.

  The fact that there has been little activity in the case is a factor in favor of a transfer. Delay in requesting the transfer is grounds for denial of the request, *Ginsberg, supra; Brennan v. Straub*, 2003 U.S. Dist. LEXIS 9563 (S.D.N.Y. June 11, 2003), and this request has been made promptly. The preliminary conference order directs that an answer or dispositive motion should be filed by August 20, and the transfer should not affect that date. I therefore respectfully request that the action be transferred to the Foley Square courthouse for reassignment. I appreciate the Court's attention.

Respectfully,

copy sent by email to:
Brian Moran, Esq.
Laurie Rust, Esq.